Pearl G. NAPIER, Guardian, Appellant,

v.

Billy Mitchell NAPIER et al., Appellees.

Court of Appeals of Kentucky.

June 3, 1960.

W. E. Faulkner, Faulkner & Faulkner, Hazard, for appellant.

Richard W. Asher, Charleston, W.Va., for appellees.

MILLIKEN, Judge.

Pearl G. Napier, individually and as guardian for her children, Billy Mitchell Napier and Paula Ann Napier, now twenty and seventeen years of age, respectively, prays permission to sell certain United States Bonds, Series E, in the amount of $4,258, held by her as guardian in order to purchase a home in the name of herself and her children or, in the alternative, that she be repaid $1,925 advanced by her to pay off a mortgage which she and her husband, Sherill Napier, who died in 1951, had placed upon his real estate in the City of Hazard. At the time of his death her husband was an employee of the Citizens Bank of Hazard where he was covered by a $4,000 group life insurance policy payable to his wife as beneficiary. It was out of the proceeds of this policy that she had paid off the $1,925 balance due on the mortgage in order to avoid a foreclosure and public sale of the real estate.

After thus freeing the title of the mortgage lien, she obtained permission from the Perry Circuit Court in 1956 to sell the property for $5,500, sold it, was assigned her dower interest of $1,242, and directed to invest the $4,258 balance of the proceeds of sale in United States Series E Bonds, which she holds as guardian of her two children, the interest from which is not payable until sale of the bonds.

In the present action, the trial court refused the relief sought by Mrs. Napier apparently on the theory that her husband had taken out the insurance for the purpose of affording funds for the payment of his obligations, a theory which is confuted by the fact that the life insurance was a group policy and was not payable to his estate but to his wife as beneficiary, and no question was raised about her keeping the balance of the proceeds of the policy after she had voluntarily paid off the debts of her husband, including the aforesaid mortgage.

Because the trial court apparently assumed that it could not grant the relief prayed when it refused Mrs. Napier's request, we are reversing the judgment and remanding the case for reconsideration of the request of Mrs. Napier that she be permitted either the refund of the $1,925 she advanced from the proceeds of the policy or, in the alternative, that she be permitted to sell the aforesaid bonds and invest the proceeds thereof, upon a proper showing, in real estate for the purpose of acquiring a home for herself and children, taking title thereto in the names of her children and herself as their interests may appear.

The judgment is reversed.